ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO** RECURRIDA(S) V. **HÉCTOR VEGA RIVERA** ACUSADA(S)-PETICIONARIA(S) | **TA2025CE00325** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **ARECIBO** Caso Núm.: **AR2014CR01249-1 al 3 (304)** Sobre: Tent. Art. 190 E CP y Otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 24 de febrero de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **HÉCTOR VEGA RIVERA** (señor **VEGA RIVERA**), por derecho propio y litigando como indigente *(in forma pauperis),* mediante *recurso* incoado el 22 de julio de 2025. En su escrito, entre otros, nos solicita que revisemos su *Sentencia* por ser ilegal bajo los estatutos y estándares de la Constitución del Estado Libre Asociado de Puerto Rico; y no cumplir con los parámetros de la ley conforme a la decisión de *Pueblo v. Sánchez Valle*, 192 DPR 594 (2015).

En conformidad con lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo

y eficiente despacho [...].[1] En atención a lo anterior, procedemos a disponer sin requerir ulterior trámite.

- I -

El señor **VEGA RIVERA,** quien se encuentra bajo la custodia del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR),** está cumpliendo pena en la Institución Guerrero en Aguadilla, Puerto Rico.

El 15 de julio de 2025, el Tribunal de Primera Instancia precisó *Notificación* conteniendo una *Orden* en la cual se declaró no ha lugar su *Moción al Amparo de la Regla 192.1 Procedimiento Criminal Ley 141, 142.*

Posteriormente, el 22 de julio de 2025, el señor **VEGA RIVERA** entabló su *recurso*. Arguyó que la *Sentencia* es ilegal bajo los estatutos y estándares de la Constitución del Estado Libre Asociado de Puerto Rico; y no cumple con los parámetros de la ley conforme a la decisión de *Pueblo v. Sánchez Valle,* 192 DPR 594 (2015). Así, suplicó ordenemos la desestimación de dicha *Sentencia*; y se celebre una audiencia evidenciaria.

El 23 de septiembre de 2025, prescribimos *Resolución* requiriendo presentar y/o suministrar copia fiel y exacta del(de los) siguiente(s) documento(s): *Moción al Amparo de la Regla 192.1 Procedimiento Civil,* así como cualquier otro documento concerniente a su reclamación. Al día de hoy, el señor **VEGA RIVERA no** ha comparecido.

- II –

- A – *PERFECCIONAMIENTO DE LOS RECURSOS ANTE EL TRIBUNAL DE APELACIONES*

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[2] Empero, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento. Los requisitos

---

[1] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, págs. 15-16, 216 DPR \_\_\_\_ (2025).
[2] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019).

aplicables sobre el perfeccionamiento de un recurso de apelación o discrecionales están contenidos en el Reglamento del Tribunal de Apelaciones; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003; y en las Reglas de Procedimiento Civil de 2009. Nuestro Tribunal Supremo ha establecido que los litigantes y/o representaciones legales deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos dado a que su cumplimiento no puede quedar a su arbitrio.[3] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el incumplimiento de dichos mandatos impide tener de un expediente completo y claro para delimitar la controversia ante su consideración.[4]

Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. El incumplimiento con los requerimientos establecidos en el Reglamento de un tribunal apelativo puede servir de fundamento para la desestimación del recurso.[5]

Más aún, el Alto Foro expresó que como regla general se suele desestimar recursos por tener apéndices incompletos cuando esa omisión no permite penetrar en la controversia o constatar la *jurisdicción* del tribunal.[6] Señaló que la política de acceso a la justicia contenida en la Ley de la Judicatura de 2003, no es sinónimo de anarquía, permitiendo el incumplimiento rutinario con las Reglas de Procedimiento Civil de 2009 y los Reglamentos de los tribunales.[7] Ciertamente, la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos, sin embargo, ello no supuso dar al traste con los **requisitos mínimos exigidos** para atender

---

[3] *Isleta v. Inversiones Isleta Marina, supra*, pág. 590; *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[4] *Id.*
[5] *Morán v. Martí,* 165 DPR 356 (2005).
[6] *Vázquez Figueroa v. E.L.A.*, 172 DPR 150 (2007).
[7] 4 LPRA § 24a. *Morán v. Martí, supra; Gran Vista I. v. Gutiérrez y otros,* 170 DPR 174 (2007).

ordenadamente los recursos que se presentan ni mucho menos pretendió eliminar los términos jurisdiccionales. "Actuar en contravención de ello, es no apurar adecuadamente cual fue el verdadero alcance de la Ley de la Judicatura de 2003."[8] Como vemos, el incumplimiento con las Reglas de los tribunales apelativos puede impedir la revisión judicial.[9]

Además de lo anterior, la Regla 34 de nuestro Reglamento dispone todo lo relacionado al contenido que deberá tener todo recurso de *certiorari*. A esos efectos, la precitada Regla, en lo pertinente, instituye lo siguiente:

> El escrito de *certiorari* contendrá:
> (A) Cubierta
> [...]
> (1) Epígrafe
> El epígrafe del escrito de *certiorari* contendrá el nombre de todas las partes en el orden en que aparecían en el Tribunal de Primera Instancia y se les identificará como "parte peticionaria" y "parte recurrrida".
> [...]
> (C) Cuerpo
> (1) Toda solicitud de *certiorari* tendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:
> (a) En la comparecencia, el nombre de las partes peticionarias.
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
> (c) **Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*.**[....]
> (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.
> (e) **Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal**.
> (f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable**.
> (g) La súplica.
> [..]
> (3) En caso de que en la solicitud de *certiorari* se plantee alguna cuestión relacionada con errores en la apreciación de la prueba o con la suficiencia de esta, la parte peticionaria procederá de conformidad con lo dispuesto en la Regla 76.
> De tratarse de una solicitud de *certiorari* para revisar sentencias de condena por alegación de culpabilidad bajo la Regla 32(A) del Reglamento, la parte peticionaria procederá conforme se dispone en la Regla 29.
> [...]
> (E) Apéndice

---

[8] *Morán v. Martí, supra,* pág. 369.
[9] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).

(1) Salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, la solicitud incluirá un apéndice que contendrá una copia literal de:

(i) en casos civiles, la demanda principal, la de coparte o de tercero u reconvención, con sus respectivas contestaciones;

(ii) en los casos criminales, la denuncia y la acusación, si la hubiere.

(b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.

(c) **Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.**

(d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a esta.

[...]

(2) El Tribunal de Apelaciones podrá permitir, a petición de la parte peticionaria en la solicitud de *certiorari*, en moción o *motu proprio* a la parte peticionaria, la presentación de los documentos del apéndice a que se refiere esta regla con posterioridad a la fecha de la presentación del escrito de *certiorari*, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza la presentación de los documentos.[10]

## - B - *Jurisdicción*

La *jurisdicción* es el poder o autoridad de un tribunal para considerar y decidir casos y controversias.[11] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una controversia.[12]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[13] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción*

---

[10] Véase la Regla 34 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 54-58, 216 DPR ____ (2025).

[11] *Municipio de Aguada v. W. Construction, LLC y otro*, 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).

[12] *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385 (2020).

[13] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267- 268 (2018).

solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[14]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio".*[15]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".*[16] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[17]

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C).[18]

---

[14] *FCPR v. ELA et al.*, *supra*; *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*; *Allied Mgmt. Group v. Oriental Bank*, *supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-501 (2019).

[15] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).

[16] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*.

[18] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-118, 215 DPR ____ (2025). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico"* y *"(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el*

**- III –**

En este caso, el 22 de julio de 2025, el señor **HÉCTOR VEGA RIVERA** instó un *recurso* en el cual nos interpela que revisemos su *Sentencia.* No obstante, el petitorio incumple de forma crasa con los requisitos reglamentarios indispensables.[19] Esto es, carece de un apéndice completo que incluya copia de: (i) la denuncia o acusación; (ii) la *Sentencia*; (iii) su moción al amparo de la Regla 192.1 de Procedimiento Criminal; y (iv) todo documento que forme parte del expediente original que pueda ser útil al Tribunal de Apelaciones para resolver la controversia. Ello en clara contravención a las disposiciones de la Regla 34 del Reglamento de este Tribunal. Además de carecer de una fiel y concisa relación de los hechos procesales y de los hechos importantes y pertinentes del caso; no se señala(n) de forma breve y conciso el error o los errores que a juicio del señor **VEGA RIVERA** cometió el foro recurrido; ni se discute(n) el error o los errores señalado(s), incluyendo las disposiciones de ley y la jurisprudencia aplicable. El(Los) documento(s) omitido(s), requerido(s) por la Regla antes mencionada, nunca fueron presentados. Ante la ausencia de apéndice completo, no obran en los autos copia de todos los documentos esenciales que nos permitan determinar si ostentamos *jurisdicción* para atender los méritos de la controversia. En consecuencia, estos incumplimientos nos privan de *jurisdicción* para atender la(s) controversia(s) planteada(s) y procede la **desestimación** del recurso.

**- IV -**

Por los fundamentos antes expuestos y en conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, **desestimamos,** por falta de *jurisdicción,* el recurso encausado el 22 de julio de 2025 por el señor **HÉCTOR VEGA RIVERA**; y ordenamos el cierre y archivo del presente caso.

---

*incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto".*
[19] Solamente presentó copia de las *Notificaciones* concernientes; (i) al no ha lugar a su moción al amparo de la Regla 192.1 Procedimiento Criminal y (ii) declaración en apoyo de solicitud para litigar indigente.

**Notifíquese inmediatamente.**

**Notifíquese al(a la) señor(a) HÉCTOR VEGA RIVERA quien se encuentra bajo la custodia del DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR) a: Institución Guerrero Modulo 8-C1 PO Box 3999 Aguadilla, PR 00605 o en cualquier institución en donde se encuentre.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones